# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

ANTWYNE WARREN,

      Petitioner,

v.                                          CIVIL ACTION NO. 5:21-cv-00390

Warden, FCI Beckley,

      Respondent.

## ORDER

Pending is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed July 8, 2021. [Doc. 2]. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert denied the Application to Proceed Without Prepayment of Fees or Costs, requiring Petitioner to pay the filing fee on or before August 13, 2021. [Doc. 5]. Petitioner failed to pay the filing fee. Magistrate Judge Eifert entered an Order to Show Cause, giving Petitioner notice that failure to comply with the Court's previous Order will result in dismissal for failure to prosecute. [Doc. 6]. Petitioner failed to respond. Magistrate Judge Eifert filed her PF&R on November 16, 2021, recommending that the Court dismiss Petitioner's Section 2241 petition and this civil action for failure to prosecute. [Doc. 7].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis

added). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on December 3, 2021. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R **[Doc. 7]** and **DISMISSES** the Petition for Writ of Habeas Corpus **[Doc. 2]**, and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: February 8, 2022

Frank W. Volk
United States District Judge